HOOD, Judge.
Plaintiff, Michael A. Major, instituted this suit to recover the sum of $420.00, that being the amount alleged to be due him under an oral contract for hauling gravel. Plaintiff contends that he entered into such a contract with defendant Gerald Hanchey, the latter being represented by his duly authorized agent, John Thomas. The suit was instituted against Hanchey, d/b/a H & S Construction Company, and his surety, American Employers Insurance Company. The trial court rendered judgment in favor of plaintiff, and defendants appealed.
The factual issue presented is whether Thomas exceeded his authority, as agent for defendant Hanchey, in entering into the above mentioned contract with plaintiff.
Defendant Gerald Hanchey is a construction contractor. During the first part of the year 1969 he was constructing a road in Iberia Parish, and a part of the construction work involved the hauling of gravel to the job site. He had engaged an independent trucking contractor, John Thomas, to haul gravel for that road project. During the month of April, of that year, Thomas had some difficulty in keeping up with defendant’s hauling needs, so he asked Hanchey if he could engage another trucker to assist in hauling the gravel, and Hanchey granted him the authority to do so. The name of Pat Moran was mentioned in the course of their discussions, but Thomas and Hanchey differ in their recollections as to what was said about hiring him at that time.
Following that discussion, Thomas contacted Pat Moran, who had owned a truck and had done some hauling for Hanchey on previous occasions, but was informed by Moran that he had sold his truck and was no longer in business as a trucking contractor. He told Thomas that the truck which he formerly owned had been acquired by plaintiff Major, and that Moran was then working permanently as a truck driver for Major.
Thomas thereupon contacted Major, and acting in his capacity as agent for Hanchey, he engaged Major to haul gravel for Han-chey, obligating the latter to pay plaintiff $3.75 for each yard hauled. After that agreement was entered into, plaintiff began to haul gravel to the site where Hanchey was constructing the road, all as required by the contract. He performed all of his hauling duties satisfactorily, and no question is raised here as to the amount which he claims for his services.
After the hauling had been completed, Major made demand upon Hanchey for payment, but defendant refused to make any payment at all to plaintiff on the ground that he had never authorized Thomas to engage plaintiff to do that hauling.
The testimony of Thomas, who is not a party to this suit, is to the effect that Han-chey authorized him to engage one additional truck to haul gravel, that his authority was not limited or restricted in any way, that he was not told who to hire, and that he particularly was not instructed to engage only Pat Moran for that purpose. He stated that when Hanchey authorized him “to get one other truck,” Thomas asked him “if it would be alright to get Pat Moran,” and that Hanchey “agreed that it was OK for Pat to haul.”
Defendant Hanchey contends that he authorized Thomas to engage only Pat Moran to do the additional hauling. He explained that his reason for restricting Thomas’ authority to that extent was that Moran owed Hanchey about $2,000.00, and that Hanchey wanted to compensate Moran under the hauling contract by merely applying credits to Moran’s larger indebtedness to him. A significant part of Hanchey’s testimony, however, was as follows:
“Q: Now, isn’t it true that when you first told Thomas to get another truck, you just told him to go ahead and hire a truck ?
A: I told him to get another truck, yes, sir.”
******
“Q: What was said right after the statement was made to get another truck?
*517 A: John called me back and said that he could get Pat Moran to haul with him.
Q: And what did you say ?
A: He asked me if that would be permissible, and I said, ‘That’s fine, because Pat owes me some money’.”
The trial judge, after carefully analyzing all of the evidence in his excellent reasons for judgment, concluded that “the agent, Thomas, had sufficient authority to employ the use of the truck.” He held that the contract which plaintiff Major entered into with Thomas, as agent for defendant Hanchey, was binding on defendant, and that plaintiff thus is entitled to recover from Hanchey and his surety the amount due under that contract.
We think the evidence supports the conclusions reached by the trial court. The judgment appealed from thus will be affirmed.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendants-appellants.
Affirmed.